**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROCKY LEEPER** | § | |
| | § | |
| **V.** | § | **A-16-CV-819-RP** |
| | § | |
| **TRAVIS COUNTY SHERIFF'S OFFICE, SHERIFF GREG HAMILTON, OFFICER B. PAYNE, OFFICER JOSHUA J. JOHNSON, OFFICER BRADLEY ELLIS, NURSE AMY SMITH, CLAUDIA GARCIA, NURSE PRINCE, AND TRAVIS COUNTY SHERIFF DEPUTIES "JANE DOE" AND "JOHN DOE" 1-10** | § § § § § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Complaint (Dkt. No. 1), Plaintiff's More Definite Statement (Dkt. No. 5) and Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3). The District Court referred Plaintiff's Motion to Proceed In Forma Pauperis to the undersigned Magistrate Judge for a determination on the merits pursuant to a standing order of the Court and 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

## I. ANALYSIS

### A. Frivolous Review

On August 10, 2016, this Court granted Plaintiff Rocky Leeper's Application to *Proceed In Forma Pauperis* (Dkt. No. 4), but ordered him to file a More Definite Statement in order for the Court to complete its frivolous review under 28 U.S.C. § 1915(e). On August 22, 2016, Plainitff

filed his More Definite Statement. The relevant statute provides that "the court shall dismiss [an IFP case] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In this civil rights action, Plaintiff, who is disabled and uses a wheelchair, claims that jail personnel at the Travis County Correctional Center were deliberately indifferent to his medical needs and failed to provide him access to a wheelchair-accessible jail cell or bathroom in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"). Because Plaintiff has alleged sufficient facts to state a claim under the ADA and the Eighth Amendment at this early stage in the case, his lawsuit should not be dismissed at this time. Accordingly, the Court **ORDERS** the Clerk to issue summons in this case and **ORDERS** the United States Marshal's Service to attempt service in this case without pre-payment of a service fee on the following parties, all of whom it appears are employees of the Travis County Sheriff:

Sheriff Greg Hamilton
Officer B. Payne
Officer Joshua J. Johnson
Officer Bradley Ellis
Nurse Amy Smith
Claudia Garcia
Nurse Prince
Nurse Dawn Kline
Nurse Kathryn Smith

However, some of the defendants Leeper has named are improper parties. First, Plaintiff has named the Travis County Sheriff's Office as a defendant in this case. However, the Travis County Sheriff's Office is not a legal entity separate from Travis County, and it is not capable of being sued. *See Guild v. Securus Techs., Inc.*, 2015 WL 10818584, at *8 (W.D. Tex. Feb. 4, 2015) (finding that the Travis County Sheriff's Office, Travis County District Attorney's Office, and Travis County Attorney's Office are not legal entities capable of being sued). *See also, Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). The proper defendant for this purpose would be simply Travis County.

Plaintiff also names as a defendant Austin Municipal Court Judge Kenneth Jon Vitucci. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity extends to municipal judges. *See Pierson v. Ray*, 386 U.S. 547, 549, 552 (1967); *DeLeon v. City of Haltom City*, 106 F. App'x 909, 912 (5th Cir. 2004); and *Thomas v. Sams*, 734 F.2d 185, 189 (5th Cir. 1984). Because the acts on which Leeper bases his claims against Judge Vitucci were plainly performed in the scope of his judicial duties, Judge Vitucci must be dismissed from this lawsuit.

Leeper has also named "Travis County Sheriff's Deputies Jane Doe and John Doe 1-10" as defendants in this case. The Federal Rules of Civil Procedure "do not provide any authority for the joining of fictitious defendants." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D.Tex.1986). Federal Rule of Civil Procedure 10(a) provides in relevant part: "Caption; Names of Parties. Every pleading must have a caption. . . . The title of the complaint must name all of the parties." FED. R. CIV. P. 10(a). "Plaintiffs, even those proceeding in forma pauperis, have a duty to provide information sufficient to identify the defendants." *King v. Forest*, 2008 WL 4951049 (N.D.Tex. Nov.14, 2008). Leeper provides no information to identify who these officers might be. Thus, "Travis County Sheriff Deputies Jane Doe and John Doe 1-10"should be dismissed from this lawsuit.

**B. Motion for Appointment of Counsel**

Plaintiff has also filed a Motion for Appointment of Counsel asking the Court to appoint him counsel to represent him in this case. "A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The district court is not required to appoint counsel for an indigent plaintiff asserting a civil rights claim unless the

case presents "exceptional circumstances." *Id.* Because Plaintiff has failed to present exceptional circumstances in this case, his Motion for Appointment of Counsel (Dkt. No. 3) is **DENIED**.

## II. ORDER AND RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Defendants Travis County Sheriff's Office, Austin Municipal Court Judge Kenneth Jon Vitucci and Judge Travis County Sheriff Deputies Jane Doe and John Doe 1-10 from this lawsuit. **IT IS FURTHER ORDERED** that the Clerk issue summons in this case and **ORDERS** the United States Marshal's Service to attempt service in this case without pre-payment of a service fee on Defendants Sheriff Greg Hamilton, Officer B. Payne, Officer Joshua J. Johnson, Officer Bradley Ellis, Nurse Amy Smith, Claudia Garcia, Nurse Prince, Nurse Dawn Kline and Nurse Kathryn Smith. **IT IS LASTLY ORDERED** that this cause of action is **REMOVED** from the undersigned magistrate's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 27th day of September, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE