IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROCKY LEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-819-RP |
| | § | |
| TRAVIS COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is a motion for summary judgment, (Dkt. 36), filed by Defendants Travis

County, Texas ("Travis County"), Greg Hamilton ("Hamilton"), Joshua Johnson ("Johnson"),

Bradley Payne ("Payne"), Amy Smith ("A. Smith"), Claudia Garcia ("Garcia"), Nurse Prince

("Prince"), Dawn Kline ("Kline"), and Kathryn Smith ("Smith") (collectively, "Defendants").

Having considered the parties' arguments, the evidence, and the relevant law, the Court will grant

the motion in part and permit Leeper to file a supplemental response.

## I. BACKGROUND

Plaintiff Rocky Leeper ("Leeper") was incarcerated in the Travis County Correctional

Complex for more than two months in the summer of 2014. (Mot. Summ. J., Dkt. 36, at 3). Leeper

is a person with disabilities who uses a wheelchair to get around. (*Id.*). In his amended complaint,

Leeper alleges that Defendants committed a varied collection of abusive acts over the course of his

incarceration, such as denying him necessary medical care, using excessive force, and housing him in

a unit that did not accommodate his disability. (Am. Compl., Dkt. 30, at 2–9). Some of these

allegations are isolated incidents involving individual defendants; others allege concerted action by

multiple defendants. (*Id.*). Out of these allegations, Leeper asserts a number of different causes of

action, including claims under 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities

1

Act, 42 U.S.C. §§ 12102 *et seq.* ("ADA"), and an unidentified provision of the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"). (*Id.* at 6–8, 9-13).

Defendants ask the Court to grant summary judgment in their favor on each of Leeper's

claims. (Mot. Summ. J., Dkt. 36, at 46). Defendants assert qualified immunity with respect to each of

Leeper's claims. (*See* Am. Answer, Dkt. 33, ¶ 85; Mot. Summ. J., Dkt. 36, at 7–8). Leeper filed an

untimely response, which the Court will consider in light of his *pro se* status. *See* W.D. Tex. Loc. R.

CV-7(e)(2) (requiring parties to file responses to dispositive motions within 14 days); *Johnson v.*

*Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (disapproving of an automatic grant of a dispositive

motion for failure to comply with local rules).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure

only "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the

outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district

court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). The "burden of production at trial ultimately rests on the nonmovant" and the movant

must merely show an "absence of evidentiary support in the record for the nonmovant's case."

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). The nonmoving party must then

come forward with specific facts showing that there is a genuine issue for trial. *Id.* There is "no issue

for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The nonmovant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). The nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *see also Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). Summary judgment "cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." Fed. R. Civ. P. 56(e) advisory committee's note. Rather, if a party fails to properly address the opposing party's assertion of fact, a court should take an action designated by Rule 56(e). Fed. R. Civ. P. 56(e). "The choice among possible orders should be designed to encourage proper presentation of the record," and courts should "take extra care with *pro se* litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed." Fed. R. Civ. P. 56(e) advisory committee's note.

### III. DISCUSSION

Defendants have met their initial burden under Rule 56: in their motion for summary judgment, which applies to each of Leeper's claims against each Defendant, they have informed the Court of the basis for its motion and identified the portions of the pleadings that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Accordingly, the burden shifts to Leeper to identify facts that demonstrate a genuine issue of material fact for trial. *Cuadra*, 626 F.3d at 812. Leeper cannot rely on the allegations in his unsworn amended complaint, nor on statements made in his unsworn response to Defendants' motion. *Duffie*, 600 F.3d at 371; *Larry*, 929

F.2d at 211 n.12. Leeper's summary judgment evidence is therefore limited to the fifteen-page attachment to his response. (Dkt. 40-1). The few documents in the attachment do not address most of the facts asserted in Defendants' motion.

However, Leeper's unsworn amended complaint and response do contain assertions of fact that, if they were competent summary judgment evidence, would dispute many of the facts asserted in Defendants' motion. Because Leeper has failed to address most of Defendants' assertions of fact with appropriate summary judgment evidence, the Court has several options under Rule 56(e). In order to promote a proper presentation of the record and taking care to advise a *pro se* litigant of the need to respond appropriately, the Court will give Leeper the opportunity to properly address the facts in Defendants' motion that his unsworn amended complaint and response fail to address.

However, the Court will address several arguments in Defendants' motion whose resolution does not turn on factual determinations. Defendants ask the Court to grant summary judgment on Leeper's ADA causes of action against individual defendants. (Mot. Summ. J., Dkt. 36, at 6–7). Title II of the ADA, which applies to public services, 42 U.S.C. § 12132, does not allow actions against a person in his individual capacity. *See DeLeon v. City of Alvin Police Dep't*, No. CIV.A. H-09-1022, 2009 WL 3762688, at *3 (S.D. Tex. Nov. 9, 2009) (concluding that Title II does not impose liability against government officials in their individual capacities); *Albritton v. Quarterman*, No. 6:08CV268, 2009 WL 585659, at *10 (E.D. Tex. Mar. 6, 2009) (same); *see also Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that a plaintiff cannot bring a Rehabilitation Act claim against a government official in her individual capacity); *Pena v. Bexar Cty., Texas*, 726 F. Supp. 2d 675, 689 (W.D. Tex. 2010) ("District courts in the Fifth Circuit have uniformly applied *Lollar* to claims under the ADA."). Accordingly, the Court agrees that summary judgment is appropriate with respect to Leeper's ADA causes of action against Defendants A. Smith, Johnson, Garcia, Payne, and Prince in their individual capacities. Similarly, Leeper's HIPAA claim against Prince must be dismissed

4

because "there is no private cause of action under HIPAA." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).

## VII. CONCLUSION

For these reasons, the Court **ORDERS** that Defendants' Motion for Summary Judgment, (Dkt. 36), is **GRANTED IN PART**. Specifically, Defendants' motion is granted with respect to Leeper's ADA claims against persons in their individual capacities and Leeper's HIPAA claim against Prince. Those claims are **DISMISSED WITH PREJUDICE**.

With respect to Leeper's remaining claims, Leeper shall be given the opportunity to properly address the facts in Defendants' motion that his unsworn amended complaint and response fail to address. Leeper shall file a supplemental response to Defendants' motion **on or before June 22, 2018**. That response shall be **no longer than 15 pages**, excluding exhibits. The Court will not consider arguments made on pages that exceed that limitation. Defendants shall file a supplemental reply, if at all, **within seven days** of Leeper's supplemental response. That reply shall be **no longer than 10 pages**, excluding exhibits. The Court will not consider arguments made on pages that exceed that limitation.

Finally, in light of this supplemental briefing schedule, the jury trial currently scheduled for July 9, 2018, is **VACATED**. The Court will reschedule the trial at a later date following the parties' supplemental briefing.

**SIGNED** on May 31, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE